UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

**FILED**
April 14, 2025
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: _____cap_____
DEPUTY

| | |
|---|---|
| ANSYS, INC., ) | |
|     Plaintiff, ) | |
| ) | Civil Action No. 6:24-cv-00363-ADA |
| v. ) | |
| ) | |
| DOES 1 THROUGH 359, ) | |
|     Defendants. ) | |

**MOTION TO QUASH SUBPOENA AND FOR A PROTECTIVE ORDER BY DOE DEFENDANT NO. 7 ( ISP: Cox, IP: 70.178.80.242)**

COMES NOW, Doe Defendant No. 7 (ISP: Cox, IP: 70.178.80.242), appearing pro se, and respectfully moves this Court to quash the subpoena issued to Cox Communications by Plaintiff Ansys, Inc., and to issue a protective order to preserve the anonymity of Doe Defendant. In support of this Motion, Doe Defendant states as follows:

    1. Plaintiff has filed this action against 359 unnamed individuals based solely on IP address associations, including the IP address 70.178.80.242, which is associated with Doe Defendant No. 7, a subscriber of Cox Communication.

    2. Doe Defendant has not engaged in any infringement or unauthorized use of Ansys software.

    3. Doe Defendant is currently enrolled with a university was likewise enrolled at the time of the alleged event on May 20, 2023, at 21:33. The defendant's university provides students in the college of engineering with authorized access to licensed version of Ansys software through the institution's Citrix Virtual Lab environment. Attached hereto as Exhibit A is a screenshot showing Defendant's valid access to the university-licensed version of Ansys.

4. Doe Defendant affirms that the Ansys software has been used solely in support of academic pursuits. The Defendant has neither received any financial gain from its use nor holds any intention to utilize the software for commercial or profit-related purposes.

5. Doe Defendant has no reason to obtain unauthorized copies of Ansys software and did not knowingly participate in any such activity. The Defendant's Wi-Fi network may be accessed by family members, friends, guests, or other third parties without the Defendant's awareness or consent.

6. Plaintiff's attempt to identify Doe Defendant solely through an IP address does not reliably establish individual liability. Courts have held that IP addresses alone are not sufficient to tie a person to alleged infringing conduct.

7. Allowing disclosure of Defendant's identity in this context risks significant harm to their reputation, privacy, and could subject them to undue pressure or coercive settlement demands, all without sufficient evidence.

8. Doe Defendant respectfully requests to be released from the subpoena and asks that no further subpoenas be issued against them, as they are not involved in the alleged actions. Defendant also requests that all present and future filings be allowed under seal or a pseudonym to protect their anonymity, and that Cox Communications be restricted from releasing Defendant's identity without explicit authorization from the Court.

WHEREFORE, Doe Defendant No. 7 (ISP: Cox, IP: 70.178.80.242) respectfully requests that the Court:

   a. Quash the subpoena issued to Cox Communications regarding IP address 70.178.80.242;
   b. Enter a protective order preventing the disclosure of Doe Defendant's identifying information;
   c. Grant such further relief as this Court deems just and proper.

Respectfully submitted,

/s/ Doe Defendant No. 7

Doe Defendant No. 7

ISP: Cox Communication, IP Address 70.178.80.242

Pro Se

April 9, 2025




9589 0710 5270 2075 7046 51

CPU

U.S. POSTAGE IMI
$10.99
FCMF   RDC 99
Orig: 72701
Dest: 76701
04/09/25
2000052544

RECEIVED
APR 14 2025
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY CLERK

To
**Clerk of Court**
United States District Court
Western District of Texas
Waco Division
800 Franklin Avenue, Room 380
Waco, TX 76701