UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| ANSYS, INC., | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | CIVIL NO. W-24-CV-00363-ADA |
| | § | |
| DOES 1 THROUGH 359, JOHN DOE #7, IP ADDRESS 70.178.80.24; AND JOHN DOE, IP ADDRESS 74.133.211.112; | § § § § | |
| | § | |
| **Defendants.** | | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Doe No. 7's ("Doe 7") Motion to Quash Subpoena and for a Protective Order. ECF Nos. 7–8. For the reasons stated herein, the Motion is denied.

### I.     BACKGROUND

On July 11, 2024, Plaintiff ANSYS, Inc. ("Plaintiff") filed a complaint against Doe Defendants 1 through 359 ("Doe Defendants"), alleging copyright infringement and violations of the Digital Millenium Copyright Act (the "DMCA"). ECF No. 1. Plaintiff is a global leader in engineering simulation software that licenses its software programs (the "Ansys Software") to its customers. *Id.* at ¶¶ 2–4. The Ansys Software is protected by numerous U.S. copyright registrations. *Id.* at ¶¶ 38–58. Plaintiff alleges that the Doe Defendants obtained, installed on their computer systems, and used pirated Ansys Software, thereby committing willful copyright infringement and DMCA violations. *Id.* at ¶¶ 5, 59–72.

At the time Plaintiff filed its complaint, each Doe Defendant was known only by their IP address. *Id.* at ¶¶ 23–31. Therefore, the Court granted Plaintiff's Motion for Leave to Serve Third-

Party Subpoenas Prior to a Rule 26(f) Conference. ECF No. 6. In response, Doe 7 filed this Motion to Quash Subpoena and for a Protective Order (ECF Nos. 7–8).

## II. ANALYSIS

### A. Motion to Quash

Under Rule 45 of the Federal Rules of Civil Procedure, a court must quash or modify a subpoena that "(i) fails to allow a reasonable time to comply; (ii) requires a person to comply beyond the geographic limits specified in Rule 45(c); (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3); *see Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 817–18 (5th Cir. 2004). The movant bears the burden of showing that compliance with the subpoena would be unduly burdensome. *Wiwa*, 392 F.3d at 818. In assessing undue burden, the court considers the following factors: "(1) relevance of the information requested; (2) the need of the party for the documents; (3) the breadth of the document request; (4) the time period covered by the request; (5) the particularity with which the party describes the requested documents; and (6) the burden imposed." *Id.* Additionally, if the party to whom the document request is made is a non-party, the court may also consider the inconvenience and expenses to the non-party. *Id.*

Doe 7 argues that the subpoena must be quashed because they have not engaged in any infringement or unauthorized use of Ansys software. ECF No. 8 at 1. Doe 7 suggests that their Wi-Fi network may have been accessed by "family members, friends, guests, or other third parties without [Doe 7's] awareness or consent" and likewise argues that identification based on IP address alone does not reliably establish individual liability. *Id.* at 2. In short, Doe 7 argues that Plaintiff cannot prove they copied and distributed the Copyrighted Works simply because they own the IP address associated with the alleged infringement.

These arguments—regardless of whether they are meritorious—are premature. Courts routinely hold that such arguments are inappropriate to quash a third-party subpoena because they "fall outside the scope" of a motion to quash. *See Strike 3 Holdings, LLC v. Doe*, No. 4:22-CV-565-ALM, 2023 WL 5584044, at *2 (E.D. Tex. Aug. 29, 2023) (citing *Strike 3 Holdings, LLC v. Doe*, No. 21-1558, 2022 WL 169698, at *2 (D. Md. Jan. 19, 2022) (collecting cases); *Strike 3 Holdings, LLC v. Doe*, No. 4:19-CV-00167, 2019 WL 1865919, at *2 (N.D. Cal. Apr. 25, 2019) ("Defendant claims innocence. While this may be true, at this juncture, Plaintiff is simply attempting to ascertain the subscriber's identity, and is, therefore, permitted to subpoena the ISP for the defendant's identifying information, and conduct an initial investigation into the defendant." (citation omitted))). If Doe 7 desires to contest liability, those denials "should be presented and contested once parties are brought properly into the suit." *First Time Videos, LLC v. Does 1-500*, 276 F.R.D. 241, 250 (N.D. Ill. 2011). The Court thus declines to quash the subpoena based on Doe 7's general denial of liability.

**B.     Protective Order**

Doe 7 also moves for a protective to preserve their anonymity. As discussed below, the Court finds that there is no basis for such relief. Under Rule 26 of the Federal Rules of Civil Procedure, "the court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . forbidding the disclosure or discovery." Fed. R. Civ. P. 26(c)(1). The party seeking a protective order has the burden to demonstrate good cause and a specific need for protection. *Gradney v. Gigg Express, Inc.*, No. 6:20-CV-00131-ADA-JCM, 2021 WL 12306341, at *2 (W.D. Tex. Oct. 6, 2021). The Court has broad discretion in determining whether to grant a motion for a protective order and is

in the best position to fairly weigh the competing needs and interests of parties affected by discovery. *Id.*

The pseudonymity analysis requires the court to balance private and public interests. *Sealed Appellant v. Sealed Appellee*, No. 22-50707, 2024 WL 980494, at *3 (5th Cir. Mar. 7, 2024). Parties may not "proceed anonymously based on generalized concerns." *Id.* (citing *June Med. Servs., L.L.C. v. Phillips*, 22 F.4th 512, 520 n.5 (5th Cir. 2022). Here, Doe 7 argues that a protective order is warranted because disclosure of their identity "risks significant harm to their reputation, privacy, and could subject them to undue pressure or coercive settlement demands." ECF No. 8 at 2.

While courts generally do allow defendants to proceed anonymously in types of cases that lend themselves to abusive settlement tactics, this is not such a case. *See, e.g.*, *West Coast Prods., Inc. v. Does 1-351*, No. 4:12-cv-00504, 2012 WL 2577551, at *5 (S.D. Tex. July 3, 2012) (recognizing "that being accused in a publicly filed lawsuit as a participant in the copyright infringement of an adult video poses the risk of embarrassment" and finding "good cause to protect from public disclosure [during the early stages of litigation] any identifying information produced under the subpoenas"); *Malibu Media, LLC v. John Does 1-6*, 291 F.R.D. 191, 207 (N.D. Ill. 2013) (granting defendant's motion to proceed anonymously because disputed allegations of copying and distributing pornography involve "matters of sensitive and highly personal nature" and risk abusive settlement tactics). This case involves allegations of infringement of copyrighted software for engineering simulations. The Court fails to see how Doe 7's privacy and reputational interests are any different than that of a defendant in any other case.

## III. CONCLUSION

For the reasons stated above, Doe Defendant No. 7's Motion to Quash Subpoena and for a Protective Order (ECF Nos. 7–8) is **DENIED**

**SIGNED** this 28th day of April, 2025.

_____
ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE